# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOSE CUETO, | ) |
| Petitioner, | ) |
| vs. | ) Case No: 1:14-cv-00855-CLS-JHE |
| WARDEN JOHN ROTHMAN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On April 17, 2017, the magistrate judge entered a report and recommendation (doc. 19), recommending that this petition for writ of *habeas corpus* be dismissed. Petitioner Jose Cueto ("Cueto" or "petitioner") filed objections on April 23, 2017. (Doc. 20). The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Cueto first objects he was denied discovery (and thus, he says, due process) in this proceeding and thus cannot prove the cellphone he was determined by the Discipline Hearing Officer ("DHO") to have possessed was not in fact his. (Doc. 20, at 1-2). First, there is no general right to discovery in a federal *habeas* action such that Cueto has been denied due process; whether discovery should be granted is left to the discretion of the court. *See Willis v. Newsome*, 771 F.2d 1445, 1447 (11th Cir.

1985). Second, this objection essentially reargues his petition's claim that the evidence against him was unpersuasive and could be explained away. However, as the magistrate judge explained, the standard that respondent must satisfy is merely "some evidence" supporting the DHO's decision; this "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 455 (1985). Cueto's second, third, and fourth objections also challenge the sufficiency of the evidence.[1] (Doc. 20, at 3-4). Whether the evidence preponderated in favor of or against a finding that Cueto possessed the cellphone is immaterial to the court's *habeas* review of the DHO's decision; the only question is whether the decision had "some basis in fact." *Hill,* 472 U.S. at 456. Cueto's objections are not well taken and are **OVERRULED**.

Cueto's fifth and sixth objections argue that he should have been charged with violating a different code section. (Doc. 20, at 4). This mistakes the inquiry on *habeas* review, which is not whether Cueto could have been charged with violating a different code section, but whether there is "some evidence" to support the violation

---

[1] Cueto states in his second objection that the magistrate judge concluded the cellphone had been brought into the prison by Cueto via a pair of headphones. (Doc. 20, at 3). It is unclear what Cueto references, because the report and recommendation makes no such determination. Nor, as the magistrate judge stated, did the DHO himself point to the cellphone's origins in his findings. (*See* doc. 19 at 9-10).

2

he was charged with. The magistrate judge correctly applied this standard and correctly determined "some evidence" exists to support the charge that Cueto possessed the cellphone, notwithstanding Cueto's assertions that the charge has not been proven to his own satisfaction. These objections are **OVERRULED**.

Finally, Cueto's seventh objection reasserts his petition's claim that the DHO was biased against him because of the DHO's knowledge of a previous incident involving Cueto and a cellphone. (Doc. 20, at 5). The magistrate judge addressed Cueto's claim and found Cueto had presented no evidence of bias. (Doc. 19, at 12). Cueto again offers reasons why the evidence against him should be disbelieved or discredited, but nothing to indicate bias beyond the fact that the DHO found against Cueto. This objection is likewise **OVERRULED**.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of *habeas corpus* is due to be **DISMISSED**. A separate Order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds petitioner's claims do not satisfy either standard.

DONE this 1st day of May, 2017.

_____
United States District Judge